UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In re*:

| | |
|---|---|
| **EMMA JEAN ANDERSON, individually,** and *qua* Personal Representative for the **ESTATE OF DENNIS JACK ANDERSON, SENIOR (Deceased),** | : : : : |
| and | : |
| **MITCHELL SCOTT ANDERSON,** | : |
| and | : |
| **ESTATE OF ANDRES ALVERADO MIRABAL,** by **PEDRO J. ALVARADO,** *qua Personal* Representative *cum Guardian Ad Litem Thereof,* | : : : |
| and | : |
| **ESTATE OF NERIDA TULL-BAEX,** by **PEDRO J. ALVARADO, JUNIOR,** *qua* Personal Representative *cum* Guardian *Ad Litem* Thereof, | : : : |
| and | : : |
| **ESTATE OF MELVIN OLEY THOMPSON,** by **WILLIE GEORGE THOMPSON,** *qua* Personal Representative *cum* Guardian *Ad Litem* Thereof, | : : : |
| Plaintiffs, | : |
| versus | : |
| **THE ISLAMIC REPUBLIC OF IRAN** **Ministry of Foreign Affairs** **Khomeini Avenue** **United Nations Street** **Tehran, Iran,** | : : : |
| and | : |

Case No.: _____

***COMPLAINT FOR DAMAGES***

1

| | |
|---|---|
| **THE IRANIAN MINISTRY** | |
| **OF INFORMATION AND SECURITY** | : |
| Pasdaran Avenue | |
| Golestan Yekom | : |
| Tehran, Iran, | |
| | : |
| **Defendants.** | |
| | : |

## COMPLAINT FOR DAMAGES

(1) The instant action is brought by the your plaintiffs, all of them, *viz.,* Emma Jean Anderson, , *et alii*, by their undersigned counsel, in the individual capacity of each plaintiff, under the Foreign Sovereign Immunities Act (28 United States Code, §§ 1602, *et seq.*) and the Common Law of the District of Columbia, and the jurisdiction(s) of respective residence of each, as of the time of the subject injury(ies) to your plaintiffs. All of your plaintiffs named herein are citizens of the United States of America or else the respective estates or choses in action of deceased individuals who were, in life, citizens of the United States of America. This Honorable Court may exercise subject matter jurisdiction over the instant matter, in accordance with the provisions of 28 United States Code §§ 1330(a), 1331, 1332(a)(2), and 1605. This Honorable Court may exercise *in personam* jurisdiction over the parties designated herein, *qua* defendants, in accordance with the provisions of 28 United States Code, § 1605 (a)(7). Venue in this Honorable Court is proper, in accordance with the provisions of 28 United States Code, § 1391(f)(4), which provides, in pertinent part, that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) Your plaintiffs in respect of the instant action consist of individuals who, at the time of the occurrence of the subject tortious acts complained of, were family members of each of United States Marines who were injured in the attack on the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on 23 October 1983. Members of the United States Marine Corps were assigned to the 24th Amphibious Unit. Members of the United States Navy and United States Army

were present at the site of the subject occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis, or, temporarily, on the said date of the subject occurrence. Specifically: your plaintiff known as Emma Anderson and Dennis Jack Anderson, Senior, who became deceased on or about 1 December 2000, and, hence, is suing herein though the latter's Estate, is/were the mother and father, respectively, of Dennis Jack Anderson, Junior, a United States Marine who was grievously injured in an attack on the United States Marines Barracks, in Beirut, Lebanon, as described more fully hereinafter; your plaintiff known as Mitchell Scott Anderson is a brother of the aforesaid Dennis Jack Anderson, Junior; the late Andreas Alverado Mirabal, who became deceased on or about 2 February 2002, and the late Nerida Tull-Baex, who became deceased on or about 15 November 1999, were the father and mother, respectively, of Pedro J. Alvarado, a United States Marine who was grievously injured in such attack on the United States Marines Barracks, in Beirut, Lebanon, as described more fully hereinafter, and are bringing suit herein through their respective estates; and Melvin Oley Thompson, who became deceased in or about 1997, was the father of Willie George Thompson, a United States Marine who was grievously injured in such attack on the United States marines Barracks, in Beirut, Lebanon, as described more fully hereinafter, and  bringing suit herein through his estate' personal representative *cum* guardian *ad litem* Willie George Thompson.

(3) Your defendant known as  The Islamic Republic of Iran, is a foreign sovereign state in the Middle East, situate between Iraq and Pakistan, and bordering the Gulf of Oman, the Persian Gulf, and the Caspian Sea, which was, at the time of occurrence of the acts hereinafter complained of and is, to the present, designated as a state sponsor of terrorism, pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, § 2405(j)).

(4) Your defendant known as The Iranian Ministry of Information and Security, is an agency of its co-defendant, *id est,* your defendant known as The Islamic Republic of Iran, whose activities included, at all times relevant to the instant action, *inter alia,* the initiation and prosecution of terrorist

acts directed against the Armed Forces of the United States and United States Nationals, by and through material support to various terrorist organizations, including the Lebanese terrorist organization known as "*Hezbollah*".

(5) *Hezbollah*[1] is an organization of Lebanese Muslims who are adherents of the *Shi'a* or *Shi'ite* faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It also advocates the expulsion of the United States from the Near East, and is committed to violent action to that end, and, concomitantly, to the termination of the existence of the State of Israel, a goal chillingly echoed in recent public speeches by the current President of the Islamic Republic of Iran, *viz.,* Dr. Mahmoud Ahmadi Nejad. At all times relevant to this action, *Hezbollah* was being given extensive support by your defendants, which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel, as well as a social welfare program designed to garner political support amongst the *Shi'ite* population of Lebanon. In 1983, at the time of the acts which give rise to this action, *Hezbollah* was under the complete operational control of your defendants, through Iranian Revolutionary Guards units deployed within Lebanon. The *Shi'a* or *Shi'ite* Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence, and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by your defendants to *Hezbollah* was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the subject attack of 23 October 1983.

(6) The mission statement of the 24th Amphibious Unit on 23 October 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese

---

[1] The transliterated spelling of this word, in the Latin alphabet, differs slightly in various publications. However, it is believed that this spelling is the most common and reflects the phonetic Arabic pronunciation. The organization also refers to itself in some English language publications as the "Party of God", which is the literal English translation of the term.

government to regain control of their capital."[2] The Unit operated under normal, peacetime rules of engagement. Its geographic position was in a reinforced concrete building at the Beirut International Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the then ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding 23 October 1983.

(7) Acting on instructions from your defendants, *viz.*, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of your defendants who were in operational control of *Hezbollah,* with high level technical participation which would not have been available to *Hezbollah* in the absence of Iranian control and participation, carried out the construction of a butane gas enhanced explosive device with an explosive force equal to 5,000 pounds of explosives, composed, largely, of PETN[3] which is believed to have been imported from Iran. This large explosive device was, in turn, mounted in a large Mercedes-Benz commercial water delivery truck of a type commonly seen on construction projects, which had been pre-determined by experts in Iranian terrorist activities to have sufficient weight to crash through an outer perimeter barbed wire emplacement, yet able to fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction, and, thence, a passenger entry hallway, into the center lobby of the building, to a position at which Iranian explosive experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 *a.m.*, Beirut time (*id est,* G.M.T. + 2 hours)*,* on 23 October 1983, the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which

---

[2]  Statement of General Paul X. Kelly, Former Commandant, United States Marine Corps.
[3]  Pentaerythritol Tetranitrate – one of the strongest known non-nuclear high explosives.

their calculations had lead them to expect. The total collapse of the four story, reinforced concrete structure, with an atrium, which ensued, resulted in the deaths of approximately 241 members of the Armed Forces of the United States, and grievous physical injury to numerous other American servicemen, including, *inter alios,* your plaintiffs Pedro J. Alvarado, Dennis Jack Anderson, Jr., and Willie George Thompson, all three of which American servicemen are parties plaintiff in the related case currently pending before this Honorable Court known as *Terance J. Valore, et alii, v. Islamic Republic of Iran, et alii,* Case No. 1:03CV01959(RCL), filed on 16 September 2003.  At the time of the subject bombing, the aforesaid three American servicemen, all of whom were United States Marines, *inter alios,* were each bivouacked approximately fifty paces from the collapsed headquarters structure, and, hence, each was well with the blast area affected by the heat, concussion and noise caused by the subject blast which, incidentally, was described by F.B.I. explosives expert Danny Defenbaugh, who investigated the subject bombing, as the largest man made non-nuclear blast in history.

(8)  The actions of the agents of your defendants, as detailed above, constituted manifold acts of torture, extra-judicial killing and the provision of material resources for such acts as defined in §2339A, Title 18, United States Code.

(9) The formation of *Hezbullah,* and its emergence as a major terrorist organization, was the product of direct intervention by and planning of, Iranian operatives, including the Iranian Revolutionary Guards, your defendant The Ministry of Information and Security, and Ali Akbar Mohtashemi, acting as Interior Minister of your defendant The Islamic Republic of Iran, as well as the then Iranian Ambassador to Syria. The above-referenced activities of *Hezbollah* were financed, technologically supported and commanded by Iranian military/intelligence operatives, operating under the direction and control of your defendants.

**FIRST COUNT**
**(CLAIMS OF EMMA JEAN ANDERSON, ESTATE OF DENNIS JACK ANDERSON, SENIOR, AND MITCHELL SCOTT ANDERSON**
**FOR**
**INTENTIONAL INFLICTION OF MENTAL DISTRESS, ALSO KNOWN AS THE TORT OF OUTRAGE)**

(10) Your plaintiffs known as Emma Jean Anderson, individually, and *qua* Personal Representa5tive for the Estate of Dennis Jack Anderson, Senior (Deceased), and Mitchell Scott Anderson, hereby repeat and re-allege, as if set out in full, each and every allegation set forth hereinbefore.

(11) As a direct and intended consequence of the actions of your defendants, *viz.,* the Islamic Republic of Iran and the Iranian Ministry of Information and Security, and the co-conspirators of your defendants who carried out the attacks above alleged, your plaintiffs whose names are set forth in the preceding paragraph, each suffered severe mental distress, which, upon information and belief, will continue for the balance of each such plaintiff's life, and each has thereby suffered damages in the amount of ten million dollars ($20,000,000.00).

WHEREFORE**,** and for the foregoing reasons, your plaintiffs known as Emma Jean Anderson, individually, and *qua* Personal Representa5tive for the Estate of Dennis Jack Anderson, Senior (Deceased), and Mitchell Scott Anderson, each demand judgment against your defendants, *viz.,* the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of twenty million dollars ($20,000,000.00)**,** and, in the aggregate, the sum of one hundred and sixty million dollars ($60,000,000.00), with costs to follow.

## SECOND COUNT
### *(CLAIMS OF ESTATE OF ANDREAS ALVERADO MIRABAL AND ESTATE OF NERIDA TULL-BAEX, FOR INTENTIONAL INFLICTION OF MENTAL DISTRESS, ALSO KNOWN AS THE TORT OF OUTRAGE)*

(12) Your plaintiffs known as the Estate of Andreas Alverado Mirabal and Nerida Tull-Baex, hereby repeat and re-allege, as if set out in full, each and every allegation set forth hereinbefore.

(13) As a direct and intended consequence of the actions of your defendants, *viz.,* the Islamic Republic of Iran and the Iranian Ministry of Information and Security, and the co-conspirators of your defendants who carried out the attacks above alleged, your plaintiffs whose names are set forth in the preceding paragraph, each suffered severe mental distress, which, upon information and belief, will continue for the balance of each such plaintiff's life, and each has thereby suffered damages in the amount of ten million dollars ($20,000,000.00).

WHEREFORE**,** and for the foregoing reasons, your plaintiffs known as Estate of Andreas Alverado Mirabal and Nerida Tull-Baex, each demand judgment against your defendants, *viz.,* the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of twenty million dollars ($20,000,000.00)**,** and, in the aggregate, the sum of one hundred and twenty million dollars ($40,000,000.00), with costs to follow.

## THIRD COUNT
### *(CLAIMS OF ESTATE OF MELVIN OLEY THOMPSON FOR INTENTIONAL INFLICTION OF MENTAL DISTRESS, ALSO KNOWN AS THE TORT OF OUTRAGE)*

(12) Your plaintiff known as the Estate of Melvin Oley Thompson, hereby repeats and re-alleges, as if set out in full, each and every allegation set forth hereinbefore.

(13) As a direct and intended consequence of the actions of your defendants, *viz.,* the Islamic Republic of Iran and the Iranian Ministry of Information and Security, and the co-conspirators of your

defendants who carried out the attacks above alleged, your plaintiff whose names is set forth in the preceding paragraph, suffered severe mental distress, which, upon information and belief, continued unitl the end of his natural life, and, accordingly, his estate has thereby suffered damages in the amount of ten million dollars ($20,000,000.00).

WHEREFORE**,** and for the foregoing reasons, your plaintiff  known as   Estate of Melvin Oley Thompson demands judgment against your defendants, *viz.,* the Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, in the amount of twenty million dollars ($20,000,000.00)**,** with costs to follow.

### FOURTH COUNT
### EXEMPLARY DAMAGES
### (Public Law 104-208, Div. A, Title I, § 101 ( C ))

(14) Each of your plaintiffs referenced herein, repeats and re-alleges, as if set out herein in full, each and every allegation set forth hereinbefore.

(15) The actions of your defendants, carried out by their agents, as described above, were malicious, misanthropic, willful, unlawful, and in wanton disregard of life and the standards of law which govern the actions of civilized nations. The serious personal injury described above was intended as a result by each of your defendants. None of the subject former servicemen plaintiffs was engaged in war , nor were any of them engaged in police duties at the time of the subject occurrence. The actions of those individuals who carried out the attack described herein were within the scope of their agency on behalf of your defendants. Therefore, in accordance with the provisions of Public Law 104-208, Div. A, Title I, § 101 (C) , each of your plaintiffs is entitled to exemplary damages.

WHEREFORE**,** and for the foregoing reasons, your plaintiffs, and each of them, pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of the aforementioned decedent's estate and each

surviving plaintiff, in the amount of two hundred and fifty million dollars ($250,000,000.00), with costs to follow.

Dated: 26 March 2008, at Alexandria, Virginia, U.S.A.

                                              Respectfully submitted,

                                              /s/ Joseph Peter Drennan
                                              **JOSEPH PETER DRENNAN**
                                              218 North Lee Street
                                              Third Floor
                                              Alexandria, Virginia 22314
                                              Telephone: (703) 519-3773
                                              Facsimile: (703) 548-4399
                                              *E-Mail:* joseph@josephpeterdrennan.com
                                              District of Columbia Unified
                                               Bar No. 358196

                                              Daniel Gaskill, Esquire
                                              The Law Offices of Dan Gaskill, L.L.C.
                                              Rockville, MD 20850
                                              Telephone:  (301) 279-7400
                                              Facsimile: (240) 425-00425-0014

                                              Patrick M. Donahue, Esquire
                                              18 West Street
                                              Annapolis, MD 21401
                                              Telephone:  (410) 280-2023

                                              Thomas Fortune Fay
                                              700 5th Street, N.W., Suite 200
                                              Washington, DC  20001
                                              Telephone:  (202) 589-1300

                                           ATTORNEYS AND COUNSELLORS,
                                           *IN PRAESENTI,* FOR PLAINTIFFS

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

08-535
RCL

## I (a) PLAINTIFFS
EMMA JEAN ANDERSON, et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 99999
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
ISLAMIC REPUBLIC OF IRAN

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph Peter Drennan, Esq.
218 North Lee Street
Alexandria, VA 22314

Case: 1:08-cv-00535
Assigned To : Lamberth, Royce C.
Assign. Date : 3/27/2008
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☒ B. Personal Injury/Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

| Real Property<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1602, et seq.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23  ☐   DEMAND $ 750,000,000   Check YES only if demanded in complaint
JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES  ☐ NO   If yes, please complete related case form.

DATE 26/Mar/2008   SIGNATURE OF ATTORNEY OF RECORD   Joseph Peter Drennan

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.